**David A. SPAIN, Plaintiff,**

v.

**CITY OF MANSFIELD,
et al., Defendants.**

**No. 5:93cv1651.**

United States District Court,
N.D. Ohio.

Feb. 9, 1996.

Nancy Jo Fleming, Lakewood, OH, for plaintiff.

Wayne P. Hohenberger, Kenneth R. Beddow, Sauter & Hohenberger, Mansfield, OH, for defendants.

### MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon the motion by Defendants for summary judgment. Plaintiff, David A. Spain, filed this action against the City of Mansfield ("the City"), the Chief of the City's Fire Department ("Chief Krizan") and other City officials pursuant to 42 U.S.C. § 1983 alleging violations of his First Amendment rights, procedural due process and constructive discharge.

For the reasons set forth below, the Court grants the motion only as to Spain's claims of procedural due process violations. Further, the Court denies the motion as to the remaining claims and finds the following:

1. Mansfield Fire Department Rule 104.48 and amended Rule 204.48 are unconstitutional;

2. Defendants violated Spain's First Amendment rights; and

3. There are material questions of fact regarding Spain's claims for retaliatory discharge in violation of the First Amendment and constructive discharge.

### I. FACTS

Spain was employed by the City from July 17, 1969 until his retirement on March 31, 1992. He retired from the Division of Fire as Assistant Fire Chief.

As Assistant Fire Chief, Spain was concerned with certain departmental issues and wished to speak publicly regarding those concerns. Initially, he was informed by his superiors that he could not speak publicly about these issues. However, after a couple of years, he was granted permission to speak as a citizen but not as an Assistant Fire Chief for the Mansfield Fire Department.

In April of 1988, Chief Krizan gave permission to his captains and assistant chiefs to lobby against a proposal which was before the city counsel which would combine the police and fire dispatching units. At that time, Rule 204.48 of the Mansfield Fire Department provided that:

No member of the department individually shall directly or indirectly send to or appear before the City Counsel, State Legislature or other groups without first notifying as a matter of courtesy, the Chief of the Fire Division.

On October 23, 1988, Spain submitted a letter to Chief Krizan regarding the police/fire dispatching proposal in accordance with Rule 204.48. Spain planned to send this letter to the chairman of the City Counsel Safety Commission. On October 24, 1988, Chief Krizan ordered Spain not to send the letter. On November 23, 1988 Rule 204.48 was amended to read:

> No member of the department shall directly or indirectly send to or appear before the City Counsel, State Legislature or other groups without first obtaining approval from the Chief of the Fire Division.

Throughout 1989 and 1990, Spain continued to request approval to speak on certain issues regarding the department and the safety of the community. On June 14, 1990 Rule 104.48 was approved which stated:

> Captains and Assistant Chiefs may not publicly communicate on matters concerning Mansfield Fire Department rules, duties, policies, procedures and practices without the prior written approval from the Chief and/or Service Safety Director.

Chief Krizan and the Service Safety Director refused Spain's continuing requests relying in part on Rules 204.48/104.48 and on the fact that he was not the designated spokesperson for the fire department.

On or about October 2, 1990, Chief Krizan posed eight questions to Spain relating to whether or not certain rules, regulations, and confidential information regarding the department were breached or violated by him. Spain refused to answer the questions posed and was subsequently suspended for three days for insubordination and neglect of duty. He appealed the suspension unsuccessfully and also filed grievances against his superiors and his union.

On March 18, 1992, the Service Safety Director notified Spain that he was being charged with insubordination for failing to obey direct orders from Chief Krizan. He was informed that the alleged basis for the charge was his unauthorized inspection of a Holiday Inn and failure to satisfactorily answer questions relating to his duties and certain EMS incidents which had been under investigation. Spain was advised that Chief Krizan was recommending termination.

On March 23, 1992, a hearing was held in accordance with Section 737.12 of the Ohio Revised Code by the Service Safety Director with respect to what disciplinary action, if any, would be taken. Plaintiff appeared with his attorney. No decision was rendered at that time. The Service Safety Director indicated that he would have a decision in approximately one week.

Eight days after the hearing, Spain informed Chief Krizan, by letter, that he was retiring immediately. Due to Spain's retirement, no decision was ever rendered regarding the pending disciplinary charges against him.

## II. LAW

■ Fed.R.Civ.P. 56(c) governs summary judgment and provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .

In reviewing summary judgment motions, this Court must view the evidence in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

■ "The burden on the moving party may be discharged if the moving party demonstrates that the nonmoving party has failed to establish an essential element of his or her case for which he or she bears the ultimate burden of proof at trial." *Morales v. American Honda Motor Co., Inc.*, No. 94–5885, slip op. at 7. If the moving party meets this burden, then the nonmoving party must present additional evidence beyond the pleadings. *Id.* The nonmoving party must present more than a scintilla of evidence in support of his or her position. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Summary judgment must be granted unless

there is sufficient evidence favoring the non-moving party for a judge or jury to return a verdict for that party. *Id.* at 249, 106 S.Ct. at 2510.

### A. Procedural Due Process

 Public employees have a property interest in their continued employment, and, as such, procedural due process applies. *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 538–539, 105 S.Ct. 1487, 1491–1492, 84 L.Ed.2d 494 (1985). The next question becomes what procedures will satisfy the requirements of due process. *Id.* at 541, 105 S.Ct. at 1492.

In *Loudermill,* the Court held that notice and "some kind of hearing" must be afforded in which the employee has an opportunity to present his side prior to his discharge. *Id.* at 542–543, 105 S.Ct. at 1493–1494, *quoting Board of Regents v. Roth,* 408 U.S. 564, 569–570, 92 S.Ct. 2701, 2705–2706, 33 L.Ed.2d 548 (1972). The Court went further and stated that "the pretermination 'hearing,' though necessary, need not be elaborate." *Id.,* 470 U.S. at 545, 105 S.Ct. at 1495.

 In the case at bar, Spain was given a detailed written notice as to the basis of the charges and that termination was a possible outcome of the hearing. At the hearing, Spain was represented by counsel, and he was permitted to actively participate. Therefore, the requirements of procedural due process under the Fourteenth Amendment were satisfied.

### B. Freedom of Speech

Spain raises three claims under the First Amendment. They are as follows:

1. Fire Department Rule 104.48 and amended Rule 204.48 are facially unconstitutional;

2. Fire Department Rule 104.48 and amended Rule 204.48 are unconstitutional as they were applied to him; and

3. He was disciplined and forced to retire in retaliation for his exercise of his First Amendment rights.

The Court shall discuss each claim separately.

 A regulation which places "unbridled discretion" in the hands of a government official to allow or disallow someone to speak is a prior restraint. *City of Lakewood v. Plain Dealer Publishing Co.,* 486 U.S. 750, 757, 108 S.Ct. 2138, 2144, 100 L.Ed.2d 771 (1988). The regulation must contain "narrow, objective, and definite standards" to govern the discretion of the official to be acceptable under the Constitution. *Id.* at 763, 108 S.Ct. at 2147. The Supreme Court has stated that "the mere existence of the licensor's unfettered discretion, coupled with the power of prior restraint, intimidates parties into censoring their own speech...." *Id.* at 757, 108 S.Ct. at 2144. Without such clear standards, the regulation must be found unconstitutional. *Id.* at 763, 108 S.Ct. at 2147.

 Fire Department Rule 104.48 and amended Rule 204.48 require the prior approval of Chief Krizan and/or the Service Safety Director before an Assistant Fire Chief is permitted to speak. There are no standards which govern the approval or disapproval of the City officials. Fire Department Rule 104.48 and amended Rule 204.48 are prior restraints on the First Amendment guarantee of freedom of speech. Therefore, they are both facially unconstitutional.

 Spain alleges that these Fire Department Rules were also unconstitutional as applied to him. In determining whether Spain succeeds on this claim, the Court must decide whether the speech was protected. *Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). The Sixth Circuit has stated that speech of a public employee is protected if:

1. the speech addresses a matter of public concern; and

2. the employer has no overriding state interest in efficient public service that would be undermined by the speech.

*Meyers v. City of Cincinnati,* 934 F.2d 726, 729 (6th Cir.1991). "Application of this standard raises a question of law." *Id. citing Rankin v. McPherson,* 483 U.S. 378, 386 n. 9,

107 S.Ct. 2891, 2897 n. 9, 97 L.Ed.2d 315 (1986).

■■■ Spain wished to express his concerns about the City's proposal to combine the police and fire dispatch as well as the use of emergency medical services. The Court finds that these issues were matters of public concern.

■■■ Chief Krizan and the Service Safety Director strictly forbid Spain from speaking to City Council and others about these issues because he was not the designated spokesperson for the Department. The City has not raised any other justification for its actions. The Court does not find any evidence in the record to support Defendants' contention that Spain's viewpoints were disruptive to the operation of the Fire Department. The content may have been unacceptable to Chief Krizan and others because they disagreed with his opinions, but the City has failed to demonstrate any overriding interests which necessitated silencing Spain. Therefore, the Fire Department Rules were unconstitutionally applied to Spain.

■■■ Spain's third claim under the First Amendment is that he was disciplined and forced to retire in retaliation for his exercise of his right to freedom of speech. This claim is composed of the following three elements:

1. the speech addresses a matter of public concern;

2. the employer has an overriding state interest in efficient public service that would be undermined by the speech; and

3. the protected speech was a "substantial" or "motivating" factor in the decision to penalize the plaintiff.

*Boger v. Wayne County*, 950 F.2d 316, 322 (6th Cir.1991). The first two prong of this test are questions of law. *Meyers v. City of Cincinnati*, 934 F.2d 726, 729 (6th Cir.1991), citing *Rankin v. McPherson*, 483 U.S. 378, 386 n. 9, 107 S.Ct. 2891, 2897 n. 9, 97 L.Ed.2d 315 (1986). As discussed above, the Court finds, as a matter of law that these elements were satisfied by Spain.

The third prong is a question of fact. *Meyers* at 729. The Court finds that there is a genuine issue of material fact surrounding the City's motivation which must be left to a jury.

### C. Constructive Discharge

The Court finds that there are material issues of fact with respect to Spain's claim for constructive discharge.

### III. CONCLUSION

Defendants' Motion for Summary Judgment (Dkt. # 34) is **GRANTED** as to Counts Five and Six (Plaintiff's procedural due process claims) and **DENIED** as to the remaining counts. In a separate Order, judgment shall be entered in favor of Plaintiff on Counts One and Two. Counts Three and Four remain as there are genuine issues of material fact.

**IT IS SO ORDERED.**

### JUDGMENT

This matter is before the Court upon the motion by Defendants for summary judgment. For the reasons set forth in the attached Memorandum Opinion and Order which is incorporated herein by reference:

1. **JUDGMENT** is entered in favor Defendants on Counts Five and Six;

2. **JUDGMENT** is entered in favor of Plaintiff on Counts One and Two; and

3. There are genuine issues of material fact regarding Counts Three and Four.

**IT IS SO ORDERED.**